UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>FLORES,<br><br>            Defendant. | Case No. 1:21-cv-01491-NONE-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**<br><br>21-DAY DEADLINE |

**I.      INTRODUCTION**

Plaintiff Christopher Johnson is incarcerated at North Kern State Prison. (*See* Doc. 1 at 1.) He alleges that on January 11, 2021, Defendant Flores placed him in a cell with another inmate who turned out to have COVID-19. (*Id.* at 3.) Plaintiff contends that Defendant was thereby deliberately indifferent to his health; and, he seeks compensatory damages as relief. (*Id.* at 3, 6.)

For the reasons set forth below, the Court lacks subject-matter jurisdiction over Plaintiff's claims, or Plaintiff's claims are barred by the Prison Litigation Reform Act. Therefore, Plaintiff must show cause why this action should not be dismissed.

**II.     DISCUSSION**

To have standing, a plaintiff "must show that [he] has suffered an 'injury in fact,' that [his] injury is 'fairly traceable' to the [defendant's] actions, and that [his] injury will likely be 'redressed' by this" action. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th

Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Injury in fact—the "[f]irst and foremost of standing's three elements"—is a constitutional requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 856 (2016) (internal quotation marks and citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).

Plaintiff fails to show that he has suffered an injury in fact. He contends that Defendant placed him at risk of contracting COVID-19 back in January. (Doc. 1 at 3.) However, Plaintiff's allegations fail to show that he suffered actual, concrete harm, or that harm is imminent. Plaintiff does not allege that he ever contracted COVID-19, and he does not allege that he is still at risk of contracting COVID-19. On the latter point, Plaintiff does not seek injunctive relief to address any risk of contracting COVID-19; instead, he seeks only damages. (*Id.* at 6.)

To the extent Plaintiff's claims are based on alleged mental or emotional injury, (*see id.* at 3), his claims are barred by the Prison Litigation Reform Act. The statute provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As stated above, Plaintiff does not contend that he contracted COVID-19 or suffered any other physical injury, and he does not allege the commission of a sexual act. Therefore, any claim for mental or emotional harm is barred.

## III.   CONCLUSION AND ORDER

For the reasons set forth above, the Court lacks jurisdiction over Plaintiff's claims, or his claims are barred by the Prison Litigation Reform Act. Accordingly, the Court DIRECTS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed.

IT IS SO ORDERED.

Dated:   **November 8, 2021**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

2