UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>FLORES,<br><br>            Defendant. | Case No. 1:21-cv-01491-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>14-DAY DEADLINE |

Plaintiff's complaint is before the Court for screening pursuant to 42 U.S.C. § 1915A. For the reasons set forth below, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and the Prison Litigation Reform Act ("PLRA") bars his claims for mental or emotional damages. The Court therefore recommends that this action be dismissed.

**I.    BACKGROUND**

Plaintiff Christopher Johnson is incarcerated at North Kern State Prison. (*See* Doc. 1 at 1.) He alleges that on January 11, 2021, Defendant Flores placed him in a cell with another inmate who turned out to have COVID-19. (*Id.* at 3.) Plaintiff contends that Defendant was thereby deliberately indifferent to his health; and, he seeks compensatory damages as relief. (*Id.* at 3, 6.)

On November 8, 2021, the Court issued an order to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. 13.) Plaintiff filed a response on November 18, 2021. (Doc. 14.) In his response, Plaintiff does not meaningfully call into question

the Court's findings that it lacks jurisdiction over the claims in his complaint, and that his claims for mental or emotional injuries are barred by the PLRA.

## II. DISCUSSION

To have standing, a plaintiff "must show that [he] has suffered an 'injury in fact,' that [his] injury is 'fairly traceable' to the [defendant's] actions, and that [his] injury will likely be 'redressed' by this" action. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Injury in fact—the "[f]irst and foremost of standing's three elements"—is a constitutional requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 856 (2016) (internal quotation marks and citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).

Plaintiff fails to show that he has suffered an injury in fact. Plaintiff contends that Defendant placed him at risk of contracting COVID-19 by moving him to a cell with an inmate who turned out to have COVID-19 back in January of this year. (Doc. 1 at 3.) However, Plaintiff's allegations fail to show that he suffered any actual, concrete harm, or that harm is imminent. Plaintiff does not allege that (a) he ever contracted COVID-19, (b) he is still housed with a cellmate who has COVID-19, or (c) the current conditions of his confinement have placed him at a significant risk of contracting COVID-19.[1] On the latter point, Plaintiff does not seek injunctive relief to address any risk of contracting COVID-19 in the future; he instead seeks only damages for the alleged past misconduct of Defendant Flores. (*Id.* at 6.)

To the extent Plaintiff's claims are based on any alleged mental or emotional injuries, (*see id.* at 3), the claims are barred by the Prison Litigation Reform Act. The PLRA provides that

---

[1] In his response to the order to show cause, Plaintiff alleges for the first time that he is "still in danger as the COVID 19 pandemic still threatens this institution." (Doc. 14 at 3.) This statement, however, again does not show that Plaintiff has suffered an injury in fact, or harm that is actual or imminent. That the pandemic is still ongoing as a general matter does not suggest that Plaintiff's conditions of confinement place him at a significant risk of contracting COVID-19. In addition, Plaintiff does not address the fact that he seeks only damages in this action. (Doc. 1 at 6.) That is, Plaintiff seeks only relief for alleged past harm; he does not seek relief to protect him from any future harm. For the reasons stated herein, Plaintiff does not show that he has suffered any past harm for which he may seek relief in federal court.

2

"[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As stated above, Plaintiff does not contend that he contracted COVID-19 or suffered any other physical injury, and he does not allege the commission of a sexual act. Therefore, any claim for mental or emotional damages is barred by statute.

### III.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court lacks jurisdiction over Plaintiff's claims, and Plaintiff's claims for mental or emotional injuries are barred by the Prison Litigation Reform Act. Accordingly, the Court RECOMMENDS that this action be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 22, 2021**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE