UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>FLORES,<br><br>            Defendant. | No. 1:21-cv-01491-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 15) |

Plaintiff Christopher Johnson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 8, 2021, the assigned magistrate judge found that the court lacks subject-matter jurisdiction over plaintiff's claims because plaintiff had not alleged injury in fact, and that plaintiff's claims for mental or emotional injuries are barred by the Prison Litigation Reform Act (PLRA). (Doc. No. 13.) The magistrate judge therefore ordered plaintiff to show cause why this action should not be dismissed. (*Id.* at 2.) Plaintiff filed a response to the order to show cause on November 18, 2021. (Doc. No. 14.)

On November 23, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed. (Doc. No. 15.) The magistrate judge found that plaintiff's response to the order to show cause did not call into question the

court's lack of jurisdiction over his claims or that his claims for mental or emotional injuries are barred by the PLRA. (*Id.* at 1-2.) The findings and recommendations were served on plaintiff and provided him 14 days to file objections thereto. (*Id.* at 3.) Plaintiff filed objections on December 6, 2021. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, plaintiff reiterates his claim that defendant Flores placed him at risk of contracting COVID-19 by placing him in a cell with an inmate who had contracted the virus in January of this year. (Doc. No. 16 at 2; *see also* Doc. No. 1 at 3.) However, plaintiff does not meaningfully dispute the magistrate judge's finding that he has not suffered an injury in fact, or that any claims for mental or emotional injuries are barred by the PLRA. (*See* Doc. No. 15 at 2-3.) Plaintiff requests that the court grant him leave to amend his complaint, (Doc. No. 16 at 4); however, he has not suggested how he would be able to cure the complaint's deficiencies as identified by the findings and recommendations, either in his response to the order to show cause or in his objections to the findings and recommendations. (*See generally* Doc. Nos. 14 & 16.) Indeed, because the court lacks subject-matter jurisdiction over plaintiff's claims, or because his claims are barred by statute, the noted deficiencies cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Accordingly,

1. The findings and recommendations issued on November 23, 2021 (Doc. No. 15) are adopted in full;

2. This action is dismissed for lack of subject-matter jurisdiction and because plaintiff's claims for mental or emotional injuries are barred by the PLRA; and

/////

/////

/////

2

3. The Clerk of the Court is directed to assign a district judge to this case for purposes of closure, to terminate all pending matters, and to close this case.

IT IS SO ORDERED.

Dated: **December 8, 2021**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE